# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| SHOLANDA WINDOM and CALVIN WISE, )<br>)<br>Plaintiffs, )<br>) CASE NO.:   1:17-cv-01637-JMS-TAB<br>v. )<br>)<br>USA TRUCK, INC., PRIME TIME )<br>TRANSPORT INC., MASHAMA PETER )<br>and DAVID NORIEGA, )<br>)<br>Defendants. )<br>) | |

## CASE MANAGEMENT PLAN

**I.**   **Parties and Representatives**

    A.    Plaintiffs: Sholanda Windom and Calvin Wise
            Defendants: USA Truck, Inc.; Mashama Peter; Prime Time Transport, Inc. (*pro se)*; David Noriega (*pro se*)[1]

    B.    <u>Plaintiffs' Counsel</u>:

            Randal M. Klezmer
            KLEZMER MAUDLIN, P.C.
            8520 Center Run Dr.
            Indianapolis IN 46250

---

[1] Both Prime Time Transport, Inc. and David Noriega have been served with the Summons and Complaint in this matter, but neither has retained counsel or participated in the preparation of this Case Management Plan.

(317) 569-9644 (317) 569-9646/FAX
rklezmer@klezmermaudlin.com

Counsel for USA Truck, Inc. and Mashama Peter:

Robert R. Foos, Jr.
Katherine S. Strawbridge
LEWIS WAGNER, LLP
501 Indiana Avenue, Suite 200
Indianapolis, IN 46202
(317) 237-0500 (317) 237-0505/FAX
rfoos@lewiswagner.com
kstrawbridge@lewiswagner.com

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

## II. Jurisdiction and Statement of Claims

A. Jurisdiction is based on the diversity of the parties, in that it is a civil action between citizens of different states, and that the amount in controversy exceeds $75,000 exclusive of interest and costs.

B. Plaintiffs claim Defendants' negligence was the proximate cause of their damages.

C. Defendants USA Truck, Inc. and Mashama Peter deny that they were negligent or the proximate cause of the collision. Plaintiffs' injuries and damages were caused by their own comparative fault and/or the fault of other parties and non-parties to this suit as identified in Defendants' Answer to Plaintiffs' Amended Complaint. Plaintiff Sholanda Windom was negligent *per se* and the sudden emergency defense applies in considering Defendants' actions and fault, if any.

D. Within 14 days after the non-expert discovery deadline, and consistent with the certification provisions of Fed. R. Civ. Proc. 11(b) the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

## III. Pretrial Pleadings and Disclosures

A. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before September 18, 2017 [no later than 4 months from Anchor Date]. [Note: Fed. R. Civ.

        P. 26(a)(1)(E) permits the parties to object to making initial disclosures or to stipulate to a different deadline for making such disclosures based upon the circumstances of the action.  If any objection and/or stipulation is made to initial disclosures in the CMP, the parties shall briefly state the circumstances justifying their respective positions.

B.    Plaintiffs shall file preliminary witness and exhibit lists on or before September 18, 2017 [no later than 5 months from Anchor Date].

C.    Defendants shall file preliminary witness and exhibit lists on or before October 18, 2017 [no later than 6 months from Anchor Date].

D.    All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before September 18, 2017 [no later than 5 months from Anchor Date].

E.    Plaintiffs shall serve Defendants (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before November 18, 2017 [no later than 5 months from the Anchor Date].  Defendants shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the demand.

F.    Plaintiff(s) shall disclose the name, address, and vita of any expert witness (excluding treating physicians), and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before April 18, 2018 [no later than 13 months from Anchor Date].  Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before 30 days after Plaintiffs serves their expert witness disclosure; or if Plaintiffs have disclosed no experts, Defendants shall make their expert disclosure on or before June 18, 2018 [no later than 14 months from Anchor Date].

G.    If a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline.  If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.  The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines.  Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the court.

H.    Any party who wishes to limit or preclude expert testimony at trial shall file any such objections no later than 60 days before trial.  Any party who wishes to preclude

        expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by Local Rule 56-1.

I.       All parties shall file and serve their final witness and exhibit lists on or before <u>July 18, 2018</u> [no later than 14 months from Anchor Date]. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J.       Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.       <u>Discovery of electronically stored information ("ESI")</u>. At this time, the parties do not believe there will be production of a substantial volume of ESI. The parties anticipate production of correspondence, policies, procedures, medical records, medical bills, employment records and other documentation relating to the present dispute.

        In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

**IV.**       <u>**Discovery[2] and Dispositive Motions**</u>

---

[2] The term "completed," as used in Section IV.B, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with

    A.    Does any party believe that this case may be appropriate for summary judgment or other dispositive motion?  No.

    B.    Select the track that best suits this case:

        __ x __ Track 1: No dispositive motions are anticipated.  All discovery shall be completed by <u>August 18, 2018</u> [no later than 16 months from Anchor Date].

        <u>Absent leave of court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

**V.**    **<u>Pre-Trial/Settlement Conferences</u>**

At any time, any party may call the Judge's Staff to request a conference, or the Court may sua sponte schedule a conference at any time.  The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery.  **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement.  The parties recommend a settlement conference in <u>February 2018</u> [month/year].**

**VI.**    **<u>Trial Date</u>**

The presumptive trial date is 20 months from the Anchor Date.  The parties request a trial date in <u>October 2018.</u>  The trial is by <u>jury</u> and is anticipated to take <u>four days</u>.

**VII.**    **<u>Referral to Magistrate Judge</u>**

    A.    **Case**.  At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Federal Rules of Civil Procedure 73 for all further proceedings including trial.

    B.    **Motions**.  The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand.  If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

---

service of the motion but need not respond to the same until such time as the Court grants the motion.

**VIII.  Required Pre-Trial Preparation**

    A.  **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

        1.  File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to section III.I.

        2.  Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

        3.  Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

        4.  A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

           a.  brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

           b.  if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

        5.  Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

        6.  Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

IX. **Other Matters**

None.

**KLEZMER MAUDLIN, P.C.**

By: */s/ Randal M. Klezmer*
_____
Randal M. Klezmer, #16442-06
*Counsel for Plaintiffs*

**LEWIS WAGNER, LLP**

By: _/s/ Katherine S. Strawbridge

ROBERT R. FOOS, JR., #20885-45
KATHERINE S. STRAWBRIDGE, #30123-49
*Counsel for USA Truck, Inc. and Mashama Peter*

<u>**CERTIFICATE OF SERVICE**</u>

      I hereby certify that on August 18, 2017, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system and by U.S. mail, postage prepaid, to the following *pro se* parties. Parties may access this filing through the court's system.

Prime Time Transport, Inc. c/o
Registered Agent Gulzar S Dhindsa
6315 Wintercrest Drive
Bakersfield, CA 93313
*Pro Se*

David Noriega
11336 Bluejay Lane
Santa Fe Springs, CA 90670
*Pro Se*

                                                     */s/ Randal M. Klezmer*
                                                     Randal M. Klezmer

KLEZMER MAUDLIN, PC
8520 Center Run Drive
Indianapolis, IN 46250
Telephone:  317-569-9644   Facsimile: 317-569-9646
rklezmer@klezmermaudlin.com

| | |
|---|---|
| X | PARTIES APPEARED BY COUNSEL ON OCTOBER 4, 2017, FOR AN INITIAL PRETRIAL CONFERENCE. |
| X | APPROVED AS SUBMITTED. |
| | APPROVED AS AMENDED. |
| | APPROVED AS AMENDED PER SEPARATE ORDER. |
| | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | THIS MATTER IS SET FOR TRIAL BY_____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____.M., ROOM _____. |
| X | A PRETRIAL CONFERENCE IS SET IN REGARDS TO SETTLEMENT FOR JANUARY 16, 2018, AT 10 A.M. COUNSEL SHALL APPEAR:<br><br>_____X_____ IN PERSON IN ROOM 234 U.S. COURTHOUSE, 46 E. OHIO STREET, INDIANAPOLIS, INDIANA. ALL PERSONS ENTERING THE UNITED STATES COURTHOUSE MUST HAVE PHOTO IDENTIFICATION. CLIENTS SHALL BE AVAILABLE BY PHONE. |
| X | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN __NOT ANTICIPATED___ |
| X | DISCOVERY SHALL BE COMPLETED BY AUGUST 18, 2018. |

     Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

     **Approved and So Ordered.**

Date:  10/17/2017

_____

      Tim A. Baker
      United States Magistrate Judge
      Southern District of Indiana

All ECF-registered counsel of record via email